### MEYER *v* MEYER

DISMISSAL AND NONSUIT—DEPOSITIONS—AFFIDAVITS.

Summary judgment for defendant in plaintiff's action for dissolution of their common-law marriage, allegedly contracted before January 1, 1957, is vacated and the cause remanded for a hearing on the merits even where plaintiff's pretrial deposition contradicted virtually every material allegation in her complaint, where plaintiff's affidavit in opposition to the judgment stated that all of her answers to questions at her pretrial deposition were wrong because she had been lately out of the hospital and was heavily medicated at the time of her deposition and where the deposition showed that if plaintiff was not under the influence of a sedative at the time she was deposed, her comprehension level was somewhat restricted because she answered crucial questions with questions back to examining defense counsel, constantly transposed the terms "married" and "common lawed", appeared to distinguish the term "slept with" from marital consummation, and where it is impossible to tell what she did mean by most of her answers.

---

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 349.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 January 4, 1972 at Detroit. (Docket No. 9232.) Decided February 22, 1972.

Complaint by Jessie T. Meyer against Louis Meyer for divorce. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded with instructions.

*J. Connor Austin,* for plaintiff.

*Lawson, Anderson & Munger,* for defendant.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

O'HARA, J. Plaintiff appeals from a summary judgment entered against her in an action in which she alleged a common-law marriage to defendant and from which she sought a divorce.

It must be said in complete candor that plaintiff, on her pretrial deposition, contradicted virtually every material allegation in her complaint.

However, after the motion for summary judgment was made, plaintiff filed an affidavit in opposition thereto. In it she attested that all of her answers to questions posed at the taking of her deposition were wrong. She reasserted the substance of her complaint. She attributed her answers in the deposition to the fact that she was lately out of a hospital and was heavily medicated at the time she answered the questions.

We hasten to add that this claim was not made known to defense counsel before she was deposed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

His questioning was a model of propriety. He did not deprive her of an opportunity to consider and reconsider her answers.

We have concluded after reading the deposition that, if plaintiff was not under the influence of a sedative at the time she was deposed, her comprehension level was somewhat restricted. She answered a number of crucial questions with questions back to examining counsel. She constantly transposed the terms "married" and "common lawed". She appeared to distinguish the term "slept with" from marital consummation.

It is to us simply impossible to tell what she did mean by most of her answers. We think in the interest of justice a hearing on the merits should be had.

We confine our holding here *expressly* to the peculiar facts of this case. The holding is of negligible precedential value anyway because the Legislature eliminated common-law marriages effective January 1, 1957.[1] Her common-law marriage was alleged to have occurred in June, 1956.

In this case, as in all cases where summary judgments are vacated, we intimate *no* opinion on the merits.

We vacate the summary judgment and remand for hearing on the merits. Under the peculiar circumstances of this case, we award no costs.

All concurred.

---

[1] MCLA 551.2; MSA 25.2.